## Serrel Estate

70

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ.

74

76

*Howard Richard,* for exceptant.

*Drinker, Biddle & Reath, Francis Hopkinson* and *Charles J. Biddle,* contra.

SINKLER, P. J., November 25, 1949.—Exceptions have been filed to the decision of Bolger, J., dismissing an appeal from an opinion and decree of Boland, J.,

then register of wills, revoking the letters of administration granted to appellant.

The petition for letters recited that exceptant was the widow of decedent, and that the only asset of his estate was a chose in action, an action for his wrongful death against the Norfolk & Western Railway Company in the District Court of the United States for the Eastern District of Pennsylvania. The action was brought in the said court by her as administratrix of her husband's estate, and in her own right.

On June 7, 1948, the railway company filed its petition with the register of wills for revocation of the letters granted to exceptant, on the ground that she had never been legally married to decedent because at the time of the purported marriage to him she was still the lawful wife of one Sterling Ralph Stewart, to whom she was married in 1937, and that decedent was survived by neither widow nor children, and that his sole next of kin were his parents. They filed with the register their answer and joinder in the prayer thereof for revocation of the letters, and averred that they are the parents and sole next of kin of decedent. Exceptant filed her answer, admitting certain facts but denying the averment in the petition that she was not the wife of decedent, and demanding proof thereof.

A hearing was held in the office of the register of wills on July 14, 1948. Certain evidence was offered respecting the marriage of decedent with exceptant, which need not now be summarized. The railway company offered certain evidence respecting the marriage of `exceptant with Sterling Ralph Stewart in Montgomery County, Va.; likewise a certified copy of the decree of the circuit court of that county in the action in divorce by exceptant against Stewart, granting a divorce a mensa et thoro to her; likewise certain other evidence that a divorce a mensa et thoro was only granted to her without any right of remarriage.

The railway company offered in evidence the application filed in Philadelphia County by exceptant for a license to marry decedent, wherein she avers under oath that she had never been married before. Before the register she testified to a marriage to Sterling Ralph Stewart in 1937. The register, by opinion and decree dated February 9, 1949, found that exceptant is not the widow of decedent and that his heirs at law and sole next of kin are his parents, and revoked the letters of administration.

An appeal was taken by exceptant and dismissed in an opinion by Bolger, J., dated June 28, 1949, which concludes with a ruling that the decree of revocation is affirmed. He reviews therein the powers of the register. He finds in effect that the register has power to investigate and cite whenever in his opinion information comes to him from any source, "from a party in interest or not", that a fraud is being perpetrated upon him or upon an estate before him. The opinion of Bolger, J., finds that the most significant element in the record is the appearance of decedent's parents and their joinder in the proceedings for revocation of the letters. They were cited, he finds, by the court, at the instance of exceptant.

Exceptions have been filed by appellant to the opinion. They raise two questions: Has a party whose interest is adverse to the estate of decedent standing to ask the revocation of letters of administration? The decision is correct, on the ground recited in the next to the final sentence of the preceding paragraph.

The second question is whether the holding of Bolger, J., is correct, that the burden of proof in the present case rests upon exceptant to establish the validity of her marriage to decedent.

The conclusions of the hearing judge upon both of these questions are correct, and in all other respects.

The record before the register has been read and his opinion revoking the letters of administration; likewise the briefs in support of the exceptions and contrary thereto. Nothing is to be said in elaboration of the opinion of the hearing judge. The exceptions thereto are dismissed.